IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ADVANCED REIMBURSEMENT MANAGEMENT, LLC D/B/A ADREIMA<br><br>Plaintiff,<br><br>v.<br><br>CLAY PLAISANCE, TKC WORKS, LLC F/K/A HCR HEALTHCARE RESOURCES, L.L.C., AND TKC PLAISANCE, LLC F/K/A PINNACLE HEALTHCARE GROUP OF LOUISIANA, LLC,<br><br>Defendants. | C.A. No. 1:17-CV-00667-MN |

## SCHEDULING ORDER

This <u>19th</u> day of November, 2018, the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. <u>Motion to Transfer and Motion to Stay</u>

Defendants filed and served their Motion to Transfer, Opening Brief in support of their Motion to Transfer, and a Motion to Stay on **November 9, 2018**. Plaintiff's Answering Brief in opposition to Defendants' Motion to Transfer and Plaintiff's opposition to Defendants' Motion to Stay shall be served and filed on or before **November 30, 2018**. Defendants' Reply Brief in support of its Motion to Transfer and Defendants' Reply in support of its Motion to Stay shall be served and filed on or before **December 7, 2018**. If Defendants' Motion to Transfer is granted, this Order shall be automatically vacated.

If Defendants' Motion to Transfer is denied, this lawsuit shall proceed as follows:

1

2.  Answer to Complaint.

Defendants' Answer to the Complaint shall be served and filed within fourteen (14) days of the date that the Court denied Defendants' Motion to Transfer.

3.  Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date that the Court entered this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standards for Discovery) and is incorporated herein by reference.

~~DEFENDANTS' PROPOSAL~~

~~Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within fourteen (14) days of the date that the Court denied Defendants' Motion to Transfer. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standards for Discovery) and is incorporated herein by reference.~~

4.  Joinder of Other Parties and Amendment of Pleadings. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **January 24, 2019**.

5.  Application to Court for Protective Order. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court within ten (10) days from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

> Any proposed protective order must include the following paragraph:

>> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies should be double-sided.

6. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed. [Defendants request to include the following sentence, however Plaintiff opposes the inclusion of this

~~sentence: Discovery shall not commence unless and until Defendants' Motion to Transfer has been denied.]~~

(a) <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **June 6, 2019**. Following the exchange of expert reports as set forth below, all expert discovery in this case shall be initiated so that it will be completed on or before **September 20, 2019.**

(b) <u>Document Production.</u> Document production shall be substantially complete by **May 6, 2019**.

(c) <u>Requests for Admission.</u> A maximum of 25 requests for admission are permitted for each side.

(d) <u>Interrogatories.</u>

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) <u>Depositions.</u>

i. <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of 70 hours of taking testimony by deposition upon oral examination.

ii. <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be

required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    (f)    <u>Disclosure of Expert Testimony.</u>

    i.    <u>Expert Reports.</u> For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **July 12, 2019**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 12, 2019**. Reply expert reports from the party with the initial burden of proof are due on or before **August 30, 2019**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii.    <u>Objections to Expert Testimony.</u> To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    (g)    <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

    i.    Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

    ii.    Should counsel find, after a reasonable effort pursuant to D. Del. L.R. 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective

order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

        iii.    On a date to be set by separate order, generally not less than forty-eight (48) hours prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than twenty-four (24) hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

        iv.    Each party shall submit two (2) courtesy copies of its discovery letter and any attachments.

        v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

    8.    <u>Motions to Amend / Motions to Strike</u>.

    (a)    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g), above.

    (b)    Any such motion shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading or attach the document to be stricken.

    9.    <u>Case Dispositive Motions.</u> All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **October 11, 2019**. Briefing will be presented pursuant to the Court's Local Rules. No case dispositive

motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

10. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

11. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the party making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

12. <u>Pretrial Conference.</u> On ~~February 10~~ March 2, 2020, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 am. The parties shall file with the Court the joint proposed final pretrial order in compliance with Local rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than seven (7) days before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial

order. The Court will advise the parties at or before the above-scheduled pretrial conference whether an additional pretrial conference will be necessary.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

13. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u> Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) full business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to mn_civil@ded.uscourts.gov.

14. <u>Trial.</u> This matter is scheduled for a five-day (bench/jury) trial beginning at 9:30 a.m. on ~~February~~ March 9, 2020 with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                                                 _/s/ Maryellen Noreika_
                                                 UNITED STATES DISTRICT JUDGE

**Chart of All Relevant Deadlines**

| EVENT | DEADLINE |
|---|---|
| Plaintiff's Answering Brief in opposition to Defendants' Motion to Transfer and Plaintiff's opposition to Defendants' Motion to Stay | November 30, 2018 |
| Defendants' Reply Brief in support of its Motion to Transfer and Defendants' Reply in support of its Motion to Stay | December 7, 2018 |
| Answer | Within fourteen (14) days after denial of Motion to Transfer |
| Rule 26(a)(1) Initial Disclosures | Within fourteen (14) days after: i. [Plaintiff – Entry of Scheduling Order]; or ii. [Defendants – Denial of Motion to Transfer] *(struck through)* |
| Disclosures under Default Standard for Discovery | Within thirty (30) days after entry of Scheduling Order |
| Joinder of Other Parties and Amendments to the Pleadings | ~~December 21, 2018~~ January 24, 2019 |
| Application to the Court for a Protective Order | Within ten (10) days after entry of Scheduling Order |
| Substantial Completion of Document Production | May 6, 2019 |
| Close of Fact Discovery | June 6, 2019 |
| Opening Expert Reports | July 12, 2019 |
| Rebuttal Expert Reports | August 12, 2019 |
| Reply Expert Reports | August 30, 2019 |
| Close of Expert Discovery | September 20, 2019 |
| Objections to Expert Testimony | October 11, 2019 |
| Case Dispositive Motions | October 11, 2019 |
| Pretrial Order | February ~~3~~ 24, 2020 |
| Motions *in Limine* | February ~~3~~ 24, 2020 |
| Pretrial Conference | ~~February 10, 2020~~ at 9 a.m./~~p.m.~~ March 2, 2020 |
| Five-Day Trial | ~~February __, 2020~~ March 9 |

9